UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STRICTLY RHYTHM RECORDS, INC. d/b/a STRICTLY RHYTHM PUBLISHING, MARK HOPPUS d/b/a HMNIM MUSIC, JOBETE MUSIC COMPANY, INC., and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., Plaintiffs, v. WINTERGARDEN HOSPITALITY GROUP, LLC and KEITH OLSON, Defendants. | No. 2:26-cv-3983 **COMPLAINT** |

Plaintiffs, complaining of the Defendants, by Ashurst Perkins Coie US LLP, their attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4. The Plaintiffs named in Column 2[1] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Wintergarden Hospitality Group, LLC ("WHG") is a limited liability company organized under the laws of Washington with offices at 10500 NE 8th St., Suite 125, Bellevue, Washington 98004.

6. At all times hereinafter mentioned, WHG did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Suite Restaurant and Lounge, located at 10500 NE 8th St., Suite 125, Bellevue, Washington 98004.

7. Musical compositions were and are publicly performed at Suite Restaurant and Lounge.

8. On information and belief, defendant Keith Olson ("Olson" and, together with WHG, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Olson was, and still is, the managing member and/or owner of WHG.

10. At all times hereinafter mentioned, Olson was, and still is, responsible for the

---

[1] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

control, management, operation, and/or maintenance of the affairs of WHG.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Suite Restaurant and Lounge, including the right and ability to supervise and control the public performance of musical compositions at Suite Restaurant and Lounge.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Suite Restaurant and Lounge.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants obtained an ASCAP license agreement for Suite Restaurant and Lounge effective January 15, 2013.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

(b) Defendants, however, failed to pay license fees as required by the license agreement.

(c) Because of Defendants' failure to pay license fees due, on June 30, 2022, upon written notice, ASCAP terminated the ASCAP license for Suite Restaurant and Lounge.

16. On numerous occasions since June 30, 2022, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to relicense the establishment. ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and phone.

17. Defendants have refused all of ASCAP's offers to relicense Suite Restaurant and Lounge.

18. As a result of the foregoing, Suite Restaurant and Lounge has been unlicensed by ASCAP since June 30, 2022.

19. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Suite Restaurant and Lounge constitute copyright infringement of ASCAP's members' copyrights in their musical works.

20. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at Suite Restaurant and Lounge, including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment.

21. Notwithstanding the foregoing, Defendants have continued to present public



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

performances of the copyrighted musical compositions of ASCAP members at Suite Restaurant and Lounge, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

22. The many unauthorized performances at Suite Restaurant and Lounge include the four copyrighted musical compositions upon which this action is based.

23. The original compositions listed in Column 3 were created and written by the people named in Column 4.

24. The original musical composition named in cause of action 3 was registered as unpublished, and since the date of registration has been printed and published in strict conformity with Title 17 of the United States Code.

25. The original musical compositions named in causes of action 1, 2, and 4 were published on the date stated in Column 5 of Schedule A, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

26. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

27. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Suite Restaurant and Lounge, for the



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

28. The public performances at Suite Restaurant and Lounge of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

29. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

30. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

31. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions — or any of them — and from causing or permitting the said compositions to be publicly performed at Suite Restaurant and Lounge, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

DATED this 19th day of October, 2026.

*s/ Harry H. Schneider, Jr.*
Harry H. Schneider, Jr., WSBA No. 9404

*s/ Meeghan Dooley*
Meeghan Dooley, WSBA No. 61735

**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: Harry.Schneider@ashurstperkins.com
E-mail: Meeghan.Dooley@ashurstperkins.com

*Attorneys for Plaintiffs*

**SCHEDULE A**

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Cause of Action** | **Plaintiff** | **Musical Composition** | **Writers** | **Date of Publication** | **Certificate of Registration Number** | **Date of Known Infringement** |
| 1. | STRICTLY RHYTHM RECORDS, INC. d/b/a STRICTLY RHYTHM PUBLISHING | I LIKE TO MOVE IT | Erick A. Morillo<br>Mark H. Quashe | October 6, 1993 | PA 1-062-746 | August 2, 2026 |
| 2. | MARK HOPPUS d/b/a HMNIM MUSIC | ALL THE SMALL THINGS | Travis L. Barker<br>Thomas DeLonge<br>Mark Hoppus | June 1, 1999 | PA 957-349 | August 1, 2026 |
| 3. | JOBETE MUSIC COMPANY, INC. | SOMEBODY'S WATCHING ME | Kennedy Gordy | June 20, 1983 | PAu 531-805 | August 1, 2026 |
| 4. | W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | NO HANDS | Christopher Gholson<br>Juaquin Malphurs<br>Olubowale Akintimehin<br>Jeffrey Johnson | October 5, 2010 | PA 1-739-078 | August 2, 2026 |